UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ACUITY, A MUTUAL INSURANCE CO., | ) | CASE NO. 4:12cv2497 |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | JUDGE SARA LIOI |
| vs. | ) | |
| | ) | MEMORANDUM OPINION AND |
| YRC INC., | ) | ORDER |
| | ) | |
| DEFENDANT. | ) | |

Before the Court is a motion to remand (Doc. No. 8) filed by plaintiff Acuity, A Mutual Insurance Co. ("plaintiff" or "Acuity") and an opposition brief (Doc. No. 10) filed by defendant YRC Inc. ("defendant" or "YRC"). Also, before the Court is defendant's unopposed motion to dismiss Counts I and II of the complaint.[1] (Doc. No. 6.) For the reasons that follow, plaintiff's motion to remand is **DENIED** and defendant's unopposed motion to dismiss Counts I and II is **GRANTED**.

I.  BACKGROUND

On October 5, 2012, defendant removed this action to this Court on the basis of federal questions jurisdiction pursuant to 28 U.S.C. §§ 1337, 1441(b) and (c), 1445(b) and 1446. (Doc. No. 1.) The complaint alleges that on or about March 25, 2011, plaintiff's insured, Carrier Services Group, Inc. ("CSG"), contracted with YRC to transfer a computer server terminal from

---

[1] Defendant filed and served electronically its motion to dismiss on October 9, 2012, making any opposition brief due no later than November 8, 2012. L.R. 7.1(d) (memorandum in opposition to a dispositive motion due 30 days after service). To date, plaintiff has not filed an opposition.

Colorado to Ohio. (Doc. No. 1-1 at 6). Acuity alleges that when the server was delivered to YRC for transport, it was in good and undamaged condition, but was damaged during transport because YRC "negligently secured" the server. (*Id*.) Acuity asserts that it paid CSG the sum of $50,116.00 for damages to the server and became subrogated to that amount. (*Id*.) Based on these allegations, Acuity asserts YRC is liable for negligence (Count I), breach of contract (Count II), and for breach of its obligations under Carmack Amendment to the Interstate Commerce Commission Act, 49 U.S.C. § 14706 *et seq.* ("the Carmack Amendment"). (Doc. No. 1-2 at 6-7.) Acuity demands judgment in the amount of $50,116.00. (*Id*. at 7.)

Plaintiff seeks remand of this action on the grounds that the state court has concurrent jurisdiction over this case. Defendant opposes remand and moves to dismiss plaintiff's state law causes of action for negligence and breach of contract, arguing that the Carmack Amendment preempts those claims.

## II. DISCUSSION

### A. Plaintiff's Motion to Remand

Any civil case filed in state court may be removed to federal court if the case could have been brought originally in federal court. 28 U.S.C. § 1441(a); *Caterpillar Inc. v. Williams,* 482 U.S. 386, 392 (1987). Federal question jurisdiction exists in "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Additionally, district courts have original jurisdiction over "any civil action or proceeding arising under any Act of Congress regulating commerce . . ." provided that in actions brought under § 14706, the amount in controversy for "each receipt or bill of lading exceeds $10,000, exclusive

of interest and costs." 28 U.S.C. § 1337(a). The defendant bears the burden of establishing federal question jurisdiction. *Rogers v. Wal-Mart Stores, Inc.,* 230 F.3d 868, 871 (6th Cir. 2000). All doubts regarding the removal petition must be resolved against removal. *Queen ex rel. Province of Ont. v. City of Detroit,* 874 F.2d 332, 339 (6th Cir. 1989).

Acuity does not dispute that this Court has federal question subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1337 over its Carmack Amendment claim. Indeed, the Carmack Amendment establishes concurrent jurisdiction between federal and state court and provides that a "civil action under this section may be brought against a delivering carrier in a district court of the United States or in a State court." 49 U.S.C. § 14706(d). An action under the Carmack Amendment "may not be removed to any district court of the United States unless the matter in controversy exceeds $10,000, exclusive of interest and costs." 28 U.S.C. § 1445(b). The parties agree that the amount in controversy in this case exceeds the jurisdictional threshold.

Acuity asks the Court, however, to remand this action to the state court because § 1445(b) does not "*require*" the removal of an action that meets the jurisdictional amount and does not divest the state courts of their concurrent jurisdiction. (Doc. No. 8 at 49) (emphasis retained). Plaintiff asserts that it properly filed its complaint in the state court and that "[d]efendant has failed to provide a compelling reason why this action *has to be* removed to federal court." (*Id.*) (emphasis added). Plaintiff's arguments are wholly without merit.

The Sixth Circuit has repeatedly and expressly rejected the argument that a state court's "concurrent jurisdiction" over a federal claim precludes removal of an action to federal court. *See, e.g., Ullmo ex rel. Ullmo v. Gilmour Acad.*, 273 F.3d 671, 680 (6th Cir. 2001) (holding that although Individuals with Disabilities Education Act permits plaintiffs a choice of

3

state or federal court, such a provision does not preclude removal of an action to federal court) (citations omitted); *Warren v. United States*, 932 F.2d 582, 585 (6th Cir. 1991) (holding grant of concurrent jurisdiction in Food Stamp Act does not preclude removal); *Dorsey v. City of Detroit*, 858 F.2d 338, 341 (6th Cir. 1988) (holding concurrent jurisdiction over § 1983 claim does not preclude removal to federal court) ("The weight of judicial authority supports the conclusion that 'a Congressional grant of concurrent jurisdiction in a statute does not imply that removal is prohibited.'") (quoting 14A C. WRIGHT, A. MILLER & E. COOPER, FEDERAL PRACTICE AND PROCEDURE § 3729 at 495 (1985)). Thus, the fact that the Carmack Amendment creates concurrent jurisdiction for state and federal courts does not divest YRC of its right to remove on the basis of federal question jurisdiction. *See, e.g., Totherow v. Cent. Transp. Int'l, Inc.*, No. 1:05-CV-126, 2005 WL 4755219, at *2-5 (E.D. Tenn. Oct. 3, 2005) (rejecting argument that Carmack Amendment's grant of concurrent jurisdiction precluded removal on the basis of federal question jurisdiction); *Stephenson v. Wheaton Van Lines, Inc.*, 240 F. Supp. 2d 1161, 1166 (D. Kan. 2002) ("The fact that Congress established concurrent jurisdiction for Carmack Amendment claims, however, does not preclude removal of such claims under the complete preemption doctrine.") (citation omitted). Accordingly, plaintiff's motion to remand is **DENIED**.

### B. Defendant's Motion to Dismiss

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[,]" Fed. R. Civ. P. 8(a)(2), in order to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Although this pleading standard does not require great detail, the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level

. . . ." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (citing authorities). In other words, "Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Id.* at 556, n. 3 (criticizing the *Twombly* dissent's assertion that the pleading standard of Rule 8 "does not require, or even invite, the pleading of facts").

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Twombly,* 550 U.S. at 570). Rule 8 does not "unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id.* at 678-79. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

It is well settled that the Carmack Amendment completely preempts a shipper's state common law and statutory causes of action. In *Adams Express Co. v. Croninger*, 226 U.S. 491 (1913), the Supreme Court established that the Carmack Amendment completely preempts all state law regulation with respect to the subject of interstate common carriers. The court stated, "Almost every detail of the subject is covered so completely that there can be no rational doubt but that Congress intended to take possession of the subject, and supersede all state regulation with reference to it." *Id.* at 505-06. The court in *Adams Express* thus held that claims arising out of loss or damage to property transported in interstate commerce are governed by the Carmack Amendment and that all state law claims are preempted. *See id*. The Court subsequently affirmed this holding in *Ga., Fla. & Ala. Ry. Co. v. Blish Milling Co.*, 241 U.S. 190, 196 (1916), holding

5

that the Carmack Amendment is "comprehensive enough to embrace responsibility for all losses resulting from any failure to discharge a carrier's duty as to any part of the agreed transportation . . . ."[2]

Likewise, the Courts of Appeals uniformly recognize that the Carmack Amendment's broad preemptive effect extends to all state law claims arising from the transportation and delivery of goods, whether such claims contradict or supplement Carmack remedies. *W.D. Lawson & Co. v. Pa. Cent. Co.*, 456 F.2d 419, 421 (6th Cir. 1972) ("As to the . . . issue . . . [of] whether or not the Carmack Amendment preempted common law suits . . . we hold that it did."); *accord, e.g.*, *Smith v. United Parcel Serv.*, 296 F.3d 1244, 1247 (11th Cir. 2002); *Rini v. United Van Lines, Inc.*, 104 F.3d 502, 506 (1st Cir. 1997) (shipper's state law claims for negligence and misrepresentation preempted by the Carmack Amendment); *Cleveland v. Beltman N. Am. Van Lines Co.*, 30 F.3d 373, 379 (2d Cir. 1994) (one of the primary purposes of the Carmack Amendment is to provide uniformity in the disposition of claims brought under a bill of lading); *Shao v. Link Cargo (Taiwan) Ltd.*, 986 F.2d 700, 706-07 (4th Cir. 1993); *Moffit v. Bekins Van Lines Co.*, 6 F.3d 305, 306-07 (5th Cir. 1993) (Carmack Amendment preempted state law claims for intentional and negligent infliction of emotional distress, breach of contract, misrepresentation, fraud, negligence, and gross negligence); *Hughes Aircraft v. N. Am. Van Lines*, 970 F.2d 609, 613 (9th Cir. 1992);*Underwriters at Lloyds of London v. N. Am. Van Lines*, 890 F.2d 1112, 1121 (10th Cir. 1989) ("[W]e. . . hold that the Carmack Amendment preempts

---

[2] *See*, *also*, *e.g.*, *Thurston Motor, Inc. v. Jordan K. Rand, Ltd.*, 460 U.S. 533, 535 (1983) ("'As to interstate shipments . . . the parties are held to the responsibilities imposed by the federal law, to the exclusion of all other rules of obligation.'") (quoting *Louisville & Nashville R. Co. v. Rice*, 247 U.S. 201, 203 (1918)); *New York, N.H. & H.R. Co. v. Nothnagle*, 346 U.S. 128, 131 (1953); *Charleston & W. Carolina Ry. Co. v. Yarnville Furniture Co.*, 237 U.S. 597, 604 (1915) (holding that preemption applies not only to state law claims that directly contradict the procedures or remedies set out in Carmack, but also encompasses state causes of action that supplement Carmack relief); *Atchison T. & S.F. Ry. v. Harold*, 241 U.S. 371, 378 (1916).

state common law remedies against common carriers for negligent loss or damage to goods shipped under a lawful bill of lading."); *Air Prods. & Chem., Inc. v. Ill. Cent. Gulf R.R. Co.*, 721 F.2d 483, 484-85 (5th Cir. 1983) (Carmack Amendment provides exclusive remedy for breach of a contract of carriage provided by a bill of lading).

Plaintiff does not dispute this well settled law, nor can it. Accordingly, plaintiff's state law claims against YRC are preempted by the Carmack Amendment and are dismissed. *See, Carr v. Olympian Moving & Storage*, No. 1:06-CV-00679, 2006 WL 2294873 (N.D. Ohio June 6, 2006) (granting motion to dismiss breach of contract and negligence claims as preempted under Carmack Amendment).

### III. CONCLUSION

For all the foregoing reasons, plaintiff's motion to remand is **DENIED**. Further, defendant's unopposed motion to dismiss Counts I and II of the complaint is **GRANTED**, and plaintiff's state law claims for negligence and breach of contract are hereby **DISMISSED with prejudice**. This case shall proceed only as to plaintiff's claim pursuant to the Carmack Amendment (Count III).

**IT IS SO ORDERED**.

Dated: February 20, 2013

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**